IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DUSTIN JAY STEELE,<br><br>Defendant. | CR 14-26-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Dustin Jay Steele (Steele) has been accused of violating the conditions of his supervised release. (Docs. 81 and 92) The Court determined the Government had met its burden showing Steele had violated some of the conditions of his supervised release. Steele admitted to other violations. Steele's supervised release should be revoked.  Steele should be sentenced to custody for 12 months on Count 2 and to 12 months on Count 3, with the custodial terms to run concurrently and with no term of supervised release to follow on both counts.

**Status**

Steele plead guilty on June 30, 2014, to the offenses of: Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 and Possess and Brandish a Firearm in Furtherance of a Drug Trafficking Crime, in in violation of 18 U.S.C.§§ 924(c)(1)(A)(ii), 2 as charged in Count 2 and 3 of the Indictment. (Doc. 34) Steele was sentenced to 75 months of custody followed by 4 years of supervised release on Count 2 and to 60 months of custody followed by 4 years of supervised release on Count 3, with the custodial terms to run consecutively and the supervised release terms to run concurrently. (Doc. 54) Steele's current term of supervised release began on January 16, 2024.

**Petition**

On August 7, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Steele's supervised release. (Doc. 81) The Petition alleged Steele violated conditions of his supervised release by: (1) violating state law by being arrested on July 12, 2024, and charged with the misdemeanor offenses of Criminal Trespass to Vehicle in violation of Mont. Code Ann. § 45-6-202(1) and Resisting Arrest in violation of Mont. Code Ann. § 45-7-301; (2) failing to follow the instructions of his probation officer by failing to report on July 15, 2024 and failing to be present for a home contact on August 7, 2024; (3) failing to notify his

probation officer within ten days of a change of his employment; and (4) failing to participate in outpatient mental health treatment on June 24, 2024, and July 12, 2024.

### Initial Appearance

Steele appeared before the Court on August 20, 2024. Steele was represented by counsel. Steele stated that he had read the Petition and that he understood the allegations against him. Steele waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned. Steele requested an evidentiary hearing, which the Court scheduled for September 10, 2024.

### Revocation hearing

The Court conducted an evidentiary hearing on September 10, 2024. The Court determined that the Government had met its burden that one or more of the allegations set forth in the Petition were more likely than not true in regard to allegations: (2) failing to follow the instructions of his probation officer by failing to report on July 15, 2024, and failing to be present for a home contact on August 7, 2024; (3) failing to notify his probation officer within ten days of a change of his employment; and (4) failing to participate in outpatient mental health treatment on June 24, 2024, and July 12, 2024. The Government moved to dismiss allegation: (1) violating state law by being arrested on July 12, 2024, and charged with the misdemeanor offenses of Criminal Trespass to Vehicle in violation of Mont. Code

Ann. § 45-6-202(1) and Resisting Arrest in violation of Mont. Code Ann. § 45-7-301, which the Court granted. The Court determined Steele's violations are serious and warrant revocation of his supervised release.

### Sentencing hearing

Steele appeared before the Court on September 10, 2024. Steele's violation is a Grade C. His criminal history category is III. Steele's underlying offense on Count 2 is a Class B felony and on Count 3 is a Class A felony. Steele could be incarcerated for up to 36 months on Count 2 and up to 60 months on Count 3. Steele could be ordered to remain on supervised release for no longer than 48 months less any custody time imposed for Count 2 and for no longer than 60 months less any custody time on Count 3. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months. The Court continued Steele's sentencing until December 10, 2024, and placed Steele under home confinement.

### Amended Petition

On September 19, 2024, the United States Probation Office filed an Amended Petition requesting that the Court revoke Steele's supervised release. (Doc. 92) The Amended Petition alleged Steele violated conditions of his supervised release by the added violations of: (5) failing to comply with substance abuse testing requirements on September 18, 2024; and (6) failing to comply with the condition of home confinement on September 18, 2024.

**Second Initial Appearance**

Steele appeared before the Court on October 15, 2024. Steele was represented by counsel. Steele stated that he had read the Amended Petition and that he understood the allegations against him. Steele waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Second Revocation Hearing**

Steele appeared before the Court on October 15, 2024. The Court noted that following the evidentiary hearing conducted on September 10, 2024, it had found that the Government had met its burden of proof regarding allegations: (2) failing to follow the instructions of his probation officer by failing to report on July 15, 2024 and failing to be present for a home contact on August 7, 2024; (3) failing to notify his probation officer within ten days of a change of his employment; and (4) failing to participate in outpatient mental health treatment on June 24, 2024 and July 12, 2024. Steele then admitted that he had also violated the conditions of supervised release as set forth in the Amended Petition by: (5) failing to comply with substance abuse testing requirements on September 18, 2024; and (6) failing to comply with the condition of home confinement on September 18, 2024. Steele's violations, both proven and admitted, are serious and warrant revocation of his supervised release.

**Second Sentencing hearing**

Steele appeared before the Court on October 15, 2024. Steele's violation is a Grade C violation. His criminal history category is III. Steele's underlying offense on Count 2 is a Class B felony and on Count 3 is a Class A felony. Steele could be incarcerated for up to 36 months on Count 2 and up to 60 months on Count 3. Steele could be ordered to remain on supervised release for no longer than 48 months less any custody time imposed for Count 2 and for no longer than 60 months less any custody time on Count 3. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III.   Analysis

Steele's supervised release should be revoked. Steele should be sentenced to custody for 12 months on Count 2 and to 12 months on Count 3, with the custodial terms to run concurrently, and with no term of supervised release to follow on both counts.

### IV.   Conclusion

The Court informed Steele that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Steele of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Steele that Judge Morris would consider a

timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS**:

> That DUSTIN JAY STEELE has violated the conditions of his supervised release by: (2) failing to follow the instructions of his probation officer by failing to report on July 15, 2024, and failing to be present for a home contact on August 7, 2024; (3) failing to notify his probation officer within ten days of a change of his employment; (4) failing to participate in outpatient mental health treatment on June 24, 2024, and July 12, 2024;  (5) failing to comply with substance abuse testing requirements on September 18, 2024; and (6) failing to comply with the condition of home confinement on September 18, 2024.

The Court **RECOMMENDS:**

> That the District Court revoke Steele's supervised release and sentence Steele to custody for 12 months on Count 2 and 12 months on Count 3, with the custodial terms to run concurrently, and with no term of supervised release to follow on both counts.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C.  Section 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the

district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 16th day of October 2024.

_____
John Johnston
United States Magistrate Judge